UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL SPICER,
o/b/o L.T.S., a minor,

               Plaintiff,        Civil Action No. 15-11037
                                      Honorable George Caram Steeh
                                      Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT [1] FOR FAILURE TO PROSECUTE**

**I.    RECOMMENDATION**

Krystal Spicer brings this action on behalf of her minor son, L.T.S. ("Plaintiff"),[1] pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Because Plaintiff failed to file his motion for summary judgment despite an order to show cause from the Court and otherwise offered no excuse for his failure to comply with the Court's orders, and for the other reasons discussed below, the Court RECOMMENDS that Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**II.    REPORT**

    **A.    Background**

On July 13, 2015, the Court directed the parties to file their respective motions for

---

[1] For convenience, the Court will refer to L.T.S., the minor child, as "Plaintiff" throughout this brief, although his mother, Krystal Spicer, is the named plaintiff in this action.

summary judgment, Plaintiff by August 13, 2015, and the Commissioner by September 14, 2015. (Doc. #9). Plaintiff failed to file his motion. On August 21, 2015, the Court issued an Order to Show Cause, requiring Plaintiff to respond within fourteen (14) days, informing the Court as to why it should not recommend dismissal of his complaint pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and adhere to a Court order. (Doc. #10). To date, Plaintiff, who is represented by counsel, has neither responded to the Court's Order to Show Cause nor filed his summary judgment motion. Notably, neither of the Court's orders have been returned as undeliverable.

> B.     Analysis

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first factor, it is not clear whether Plaintiff's failure to take action in this case is due to willfulness, bad faith, or fault. However, the Court notes that, even after it provided Plaintiff with an extension beyond the original due date for the filing of his motion for summary judgment, and warned him that a failure to timely respond to the order to show cause might result in dismissal of his case for failure to prosecute (Doc. #10), Plaintiff failed to either file his motion or explain to the Court his inability to do so. Thus, the first[2] and third factors weigh in favor of dismissal. As to the second factor, there is little prejudice to the Commissioner here, as Plaintiff's failure simply results in a delay of litigation. However, the fourth factor weighs heavily in favor of dismissal, as Plaintiff has been given a clear warning that his case would be dismissed if he did not file his brief or otherwise respond to this Court's orders. Given Plaintiff's failure to substantively participate in this case since the filing of the complaint, this

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.*

3

Court sees no utility in imposing lesser sanctions.  Under these circumstances, "dismissal is the only appropriate remedy" because Plaintiff "has effectively abandoned the case."  *Morley v. Comm'r of Soc. Sec.*, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013).[3]

The Court also notes that Plaintiff's complaint gives no indication whatsoever as to *why* he believes he is entitled to relief.  Plaintiff cannot leave it to the Court to scour the record for evidence supporting his claims.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal quotations omitted).  Nevertheless, the Court acknowledges its duty to conduct a *de novo* review of the record to ensure that substantial evidence supports the ALJ's decision.  In satisfaction of this requirement, the Court has reviewed the ALJ's decision in this case and finds it to be thorough and supported by substantial evidence of record.

In particular, the Court notes that the ALJ found Plaintiff to have the severe impairments of attention deficit hyperactivity disorder, learning disorder, and adjustment disorder.  (Tr. 19).  The ALJ then found that Plaintiff's impairments do not meet or medically equal a listed

---

[3] This outcome is consistent with the prevailing practice throughout this district.  *See, e.g.*, *Gayles v. Comm'r of Soc. Sec.*, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Mason v. Comm'r of Soc. Sec.*, 2013 WL 5423050, at *1 (E.D. Mich. Sept. 26, 2013) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b) where plaintiff failed to file motion for summary judgment, as directed by the court); *McNaughton v. Comm'r of Soc. Sec.*, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (Borman, J.) (same); *Yax v. Comm'r of Soc. Sec.*, 2011 WL 3034914, at *1 (E.D. Mich. July 25, 2011) (Battani, J.) (same); *Stennis v. Comm'r of Soc. Sec.*, 2012 WL 3758096, at *1 (E.D. Mich. Aug. 30, 2012) (Hood, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)); *Smith v. Comm'r of Soc. Sec.*, 2012 WL 4511251, at *1-2 (E.D. Mich. Oct. 1, 2012) (Steeh, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)).

impairment, nor do they functionally equal a listed impairment. (Tr. 19-33). Specifically, the ALJ found that Plaintiff has a less than marked limitation in all six functional equivalence domains – a finding that is supported by substantial evidence. (Tr. 26-32).

In the domain of acquiring and using information, as the ALJ noted, Plaintiff testified that he likes reading and math and has no problems with these subjects. (Tr. 27, 44). Additionally, the ALJ noted that at the time of the administrative hearing, Plaintiff was no longer in special education classes but, rather, was merely in a small "pull out" group designed to provide him additional support in certain areas. (Tr. 27, 164). And, the consultative examiner, Dr. Boneff, found no significant cognitive impairments or learning disabilities, noting that Plaintiff's history of behavior problems and hyperactivity was likely secondary to entry into kindergarten at a very young age, removal from his parents' care, and the recent birth of a sibling. (Tr. 23, 264-67). In the domain of attending and completing tasks, the ALJ also found Plaintiff's limitation less than marked, noting that he is able to follow his mother's directives to clean his room, take the trash out, and set the table, and can pay attention for 20 minutes when reading a book. (Tr. 28, 47, 64). Similarly, the ALJ found Plaintiff to have a less than marked limitation in the domain of interacting and relating with others, noting that he testified that he has friends at school and was able to promptly answer the questions at the administrative hearing. (Tr. 29-30, 49-50). In the domain of moving about and manipulating objects, the ALJ found Plaintiff's limitation less than marked, noting that he can ride a bike, throw and kick a ball, and type on the computer. (Tr. 31, 52). The ALJ also found Plaintiff to have a less than marked limitation in the domain of caring for himself, noting that he washes his face, brushes his teeth, and gets himself dressed. (Tr. 32, 52-53). And, finally, in the domain of health and physical well-being, the ALJ found Plaintiff's limitation less than marked, noting that, aside from having difficulty sleeping, he has no other

health concerns.  (Tr. 32).

Based on a thorough review of the record, the Court concludes that the ALJ's reasons, and her ultimate decision finding Plaintiff not disabled, are both supported by substantial evidence of record.  Therefore, the ALJ's decision should be affirmed.  *See Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record") (internal citations omitted); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion") (internal citations omitted).

For all of the above reasons, the Court recommends dismissal of Plaintiff's complaint with prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** dismissing Plaintiff's complaint **[1] WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Dated: September 23, 2015                           s/David R. Grand
Ann Arbor, Michigan                                 DAVID R. GRAND
                                                    United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2015.

                                                  s/Eddrey O. Butts
                                                  EDDREY O. BUTTS
                                                  Case Manager